IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY ROBINSON, #40697-083 * | |
|       Petitioner | |
| * | |
| v. | CIVIL ACTION NO. DKC-05-166 |
| * | |
| UNITED STATES PAROLE COMMISSION, | |
|   et al., * | |
|       Respondents | |
| ****** | |

# **MEMORANDUM**

On January 20, 2005, Petitioner filed the instant habeas corpus action against the United States Parole Commission and Stephen M. Dewalt. He claims he is being held on a parole violator warrant and states that he did not receive notice that he was on parole, subject to conditions, until after he had been charged with a criminal offense. Paper No. 1. Respondents have filed a Response to the Petition, along with exhibits in support. They allege, *inter alia*, that Petitioner had constructive notice that he was paroled and of the conditions of his parole. Paper No. 7. Petitioner has filed a reply disputing Respondents' conclusion. Paper No. 11. After review of these papers, the court finds no need for an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2004).

The court need not reach Respondents' argument for dismissing this case. Before Petitioner can challenge the constitutionality of any parole revocation or parole retake warrant, he must exhaust each claim presented to the federal court through available administrative remedies. *Smith v. Thompson*, 937 F. 2d 217, 219 (5th Cir. 1991) (prisoner challenging Parole Commission decision required to pursue administrative remedies, including reconsideration hearing, before filing habeas petition); *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (exhaustion of administrative remedies is prerequisite to filing

for habeas corpus relief in parole matters); *Guida v. Nelson*, 603 F. 2d 261, 262 (2nd Cir. 1979) (inmate challenging Parole Commission's issuance of mandatory release violator warrant required to exhaust administrative remedies prior to seeking habeas relief); *U.S. ex. Rel. Sanders v. Arnold*, 535 F. 2d 8482 850 (3rd Cir. 1976) (federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief).

The Response indicates that Petitioner's revocation hearing was scheduled for sometime in late March.[1]  Paper No. 7.  Neither party has advised whether the revocation hearing has in fact been held and, if so, the result of same.  Assuming that the revocation hearing has been held during the pendency of this action, there is no evidence before the court that Petitioner has exhausted his administrative remedies as to any adverse determination regarding his parole status.  Because it appears that Petitioner has not met the exhaustion requirement,  a separate Order shall be entered dismissing the instant Petition without prejudice to the rights of Petitioner to file the appropriate civil action at a later date.

_June 21, 2005_  
　Date

　　　　　　　　_/s/_　　　　　　　　  
DEBORAH K. CHASANOW  
United States District Judge

---

[1] Since August 5, 2000, the USPC has maintained jurisdiction of District of Columbia parolees, such as Petitioner. 28 C.F.R. §§ 2.70 et seq.